**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

JOE FRANKLIN SANDERS, Petitioner,

v.

UNITED STATES OF AMERICA; HENRY MCMASTER, ATTORNEY GENERAL OF SOUTH CAROLINA, Respondents.

CIVIL ACTION NO. 0:06-CV–3175-MBS-BM

**REPORT AND RECOMMENDATION**

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 9, 2006. The Respondents filed a return and motion for summary judgment on April 4, 2007.

As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on April 5, 2007, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition to the motion on May 2, 2007. This matter is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted by the Union County Grand Jury on March 14, 1994 for Third Degree Burglary [Indictment No. 94-GS-44-257], and grand larceny [Indictment No. 94-GS-44-256]. Petitioner pled guilty to the charges on May 12, 1994, and was sentenced to five years, concurrent to a state drug sentence the Petitioner was currently serving.[2] Petitioner did not appeal his plea or conviction.

On June 24, 2002, Petitioner filed an application for post-conviction relief ("APCR") alleging ineffective assistance of counsel. Sanders v. General Sessions Court, C/A No. 02-CP-44-180. Respondents made a Return to the Application on April 21, 2003, requesting that the APCR be dismissed as having been filed outside of the applicable statute of limitations. See S.C. Code Ann. § 17-27-45(a). An evidentiary hearing was held on February 24, 2004, at which Petitioner was represented by David M. Collins, Esquire.

During the hearing, Respondents moved to dismiss the PCR application without prejudice pursuant to Clayton v. State, 301 S.E.2d 133 (S.C. 1983), because the Petitioner was by then incarcerated at the federal prison at Estill, South Carolina. However, this motion was denied pursuant to S.C. Code Ann. § 17-27-80 (1976). Respondents then moved to dismiss the APCR based upon the statute of limitations as well as the doctrine of laches. See Transcript. The PCR judge thereafter entered an order on May 3, 2004 dismissing the entire application due to Petitioner's failure to file his application within the applicable statute of limitations, and further finding the application barred by the doctrine of laches. See Order filed May 3, 2004.

---

[2]See Order filed May 3, 2004 in Sanders v. South Carolina, C/A No. 02-CP-44-180. The court reporter records have been destroyed pursuant to SCACR 607(i).





Petitioner timely appealed to the South Carolina Supreme Court. In this appeal, Petitioner was represented by Robert M. Dudek of the South Carolina Office of Appellate Defense, who filed a Johnson[3] Petition for Writ of Certiorari on October 25, 2004, raising the following issue:

> Whether the court erred by dismissing Petitioner's application pursuant to the one year statute of limitations where Petitioner did not learn he had pled guilty to distribution of drugs, rather than possession of drugs, until he was later sentenced in federal court, and his application was therefore timely filed? [4]

The South Carolina Supreme Court entered its order denying the certiorari petition on November 2, 2005. The Remittitur was entered on November 18, 2005.

In his federal habeas Petition filed in this United States District Court, Petitioner asserts the following claim:

> Complete denial of counsel. I was not afforded counsel at trial and the indictment, sentencing transcript nor the plea transcript show that I was represented by counsel; in fact, these documents will support my claim. See page 2 of order of dismissal, which specifically states under findings of facts, that applicant was unrepresented at the May 12, 1994 guilty plea.

Petition, at p. 6.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).

[4] Petitioner had raised claims relating to both his burglary conviction and his prior drug conviction in his Petition. See Sanders v. General Sessions Court, C/A No. 02-CP-44-180.





potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondents contend in their motion, inter alia, that this Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(1) is part of the Anti-terrorism and Death Penalty Act ("AEDPA"), which became effective on April 24, 1996. Under this statute, Petitioner was required to file his federal habeas petition by at least April 24, 1997, unless the statute was tolled. See Pub.L. 104-132,





Title I, § 104, 110 Stat. 1218; Brown v. Angelone, 150 F.3d 370-371 (4th Cir. 1998) [adopting one (1) year as the reasonable period]; Moore v. Campbell, 344 F.3d 1313 (11th Cir. 2003); Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996) (en banc), cert. granted in part, 117 S.Ct. 726 (1997), rev'd on other grounds, 117 S.Ct. 2059 (1997); Hernandez v. Campbell, 225 F.3d 435, 438 (4th Cir. 2000); Duarte v. Hershberger, 947 F.Supp. 146, 148-149 (D.N.J. 1996); see also Curtis v. Class, 939 F.Supp. 703, 705-708 (D.S.D. 1996).

While the filing of an APCR will normally toll the running of the statute, by the time Petitioner filed his APCR on June 24, 2002, over six (6) years of non-tolled time had already passed. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until November 18, 2005, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000). By the time Petitioner then filed this federal action, which is dated November 9, 2006, alomst a year of additional non-tolled time had accrued since the disposition of his APCR.

When the pre- and post- APCR time periods are added, almost (7) years of non-tolled time passed from when Petitioner's period of limitations began to run on the AEDPA's effective date and the filing of this federal petition. Accordingly, Petitioner failed to timely file this federal petition, and he is barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not





establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999); Andrews v. Johnson, 976 F.Supp. 527 (N.D.Tex. 1997); Harris, 209 F.3d at 328 [where petitioner's direct review concluded in 1992, and petitioner did not file for PCR until ten-and-one-half months after AEDPA's effective date of April 24, 1996, the ten-and-one-half months counted against his period of limitations, which expired one-and-one half months after his PCR was finally concluded in January 1998].

## Conclusion

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 14, 2007





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



