IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Joe Franklin Sanders, | ) | |
| | ) | C/A No. 0:06-3175-MBS-BM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND** |
| | ) | **O R D E R** |
| United States of America; | ) | |
| Henry McMaster, Attorney General for | ) | |
| South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Joe Franklin Sanders is a prisoner in the custody of the Federal Bureau of Prisons and is currently housed at Federal Correctional Institution in Estill, South Carolina.  Petitioner, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts that he was not afforded counsel when he pled guilty to third degree burglary in state court, on May 12, 1994.  Petitioner seeks relief in the form of dismissal of this prior state court conviction and destruction of all records relating to this prior conviction.

This matter is before the court on Respondents' motion for summary judgment filed on April 4, 2007.  (Entry 16.)  By order filed April 5, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.  On May 2, 2007, Petitioner filed a response to Respondents' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.  The Magistrate Judge issued a Report and Recommendation ("Report and Recommendation") on August 14, 2007, in which he recommended that Respondents' motion for summary judgment be granted and that the

petition be dismissed.  The Magistrate Judge found that the Petitioner failed to timely file his federal habeas petition because approximately seven (7) years of non-tolled time had passed from when Petitioner's statute of limitations began to run and when he filed this federal habeas petition. Petitioner filed objections to the Report and Recommendation on August 27, 2007.  ("Petitioner's Objections.")[1]

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The Petitioner makes one specific objection to the Report and Recommendation.  Petitioner asserts that the Report and Recommendation should be withdrawn because the Report and Recommendation was issued without his consent to the handling of this matter by a magistrate judge, as required by 28 U.S.C. § 636(c)(1).  28 U.S.C. § 636(c)(1) states, in part, "[u]pon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and

---

[1]
It is noted that the Petitioner refers to himself throughout his objections as "defendant."

order the entry of judgment in the case . . ."  28 U.S.C. § 636(c)(1).  Although Section 636(c)(1) allows parties to consent to the exercise of jurisdiction by a magistrate judge, it is not the only permissible method by which a magistrate judge may issue a recommendation on a motion for summary judgment.

As noted herein, this matter was referred to Magistrate Judge Bristow Marchant pursuant to 28 U.S.C. § 636(b)(1).  Section 636(b)(1) does not require the parties' consent.  Specifically, section 636(b)(1)(B) states that, "a judge may also designate a magistrate . . . to submit . . . proposed findings of fact and recommendations for disposition . . . of any motion excepted in subparagraph (A) [which includes a motion for summary judgment], of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement."  28 U.S.C. § 636(b)(1)(B).  As such, Petitioner's consent was not required for the Magistrate Judge's review and Petitioner's objection is without merit.

After thorough review of the Report and Recommendation, the Plaintiff's Objections, the record in its entirety, and examining the applicable law, the court concurs with the Magistrate Judge's findings.  The court adopts the Report and Recommendation and incorporates it herein by reference.  As such, Respondents' motion for summary judgment is **granted** and the within petition for writ of habeas corpus is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 13, 2008

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3